In re OSHWITZ et al.

(District Court, S. D. New York. October 17, 1910.)

In Bankruptcy, No. 14,082–4.

BANKRUPTCY (§ 114*)—RECEIVERS—ATTORNEY'S AGREEMENT—UNPROFESSIONAL CONDUCT.

Where, after the appointment of a receiver in bankruptcy proceedings, it was claimed that the receiver had agreed to appoint the attorney for the petitioning creditors as his attorney and various negotiations were with a view to an arrangement for a division of fees, and the receiver proposed that all the fees of the receiver and the attorneys should be divided into three equal parts to be shared equally between the attorney

for the petitioning creditors, the receiver, and the attorney he desired to appoint, and each of the representatives of the two attorneys who conducted the negotiations offered to divide the fees on certain conditions, such propositions were illegal and unprofessional, and required the appointment of a new receiver without any allowance either to the old receiver or to his attorneys for their services except for disbursements.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 114.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Morris Oshwitz and Annie Feldstein. On an application to vacate an order appointing a receiver. Granted.

Moses Cohen, for petitioning creditors.

Walter T. Kohn, for receiver.

HOLT, District Judge. The attorney for the petitioning creditors in this case claimed that the receiver had agreed to appoint him as his attorney. The receiver desired to appoint another person as his attorney. It is admitted by all the parties that various negotiations took place having in view some arrangement for the division of fees, and in my opinion the preponderance of evidence establishes that the receiver proposed to the two attorneys that all the fees of the receiver and of the attorneys should be divided into three parts and shared equally between them. Each of the representatives of the two attorneys who conducted the negotiations in their behalf offered to divide fees on certain conditions. All such propositions were illegal and unprofessional. The order appointing the receiver in this case is vacated. A new receiver will be appointed, with a bond of the same amount as previously given, and the present receiver is directed to turn over all assets in his hands to his successor and to account. Actual proper disbursements made by the receiver or either of the attorneys will be allowed, but no compensation will be allowed to the receiver or either of the attorneys.